## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALICE BETHEA, PAMELA GULLEY, DOROTHY CROOK, AND MARY CONNORS,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **CASE NO.** |
| **CYPRESS TRACE APARTMENTS, GATEWAY MANAGEMENT COMPANY,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## <u>COMPLAINT</u>

### I.    INTRODUCTION

Plaintiffs file this Title II, Americans with Disabilities Act  and Section 504, Rehabilitation Act of 1973 (Section 504") ,action against Defendant Cypress Trace Apartments and Gateway Management Company.   The ADA Title II prohibits discrimination based on disabilities for state and local government programs, services, and activities.  Section 504 prohibits discrimination against individuals with disabilities in programs and activities that receive federal funding.

## II.    JURISDICTION, PARTIES, AND ARTICLE III STANDING

1.    This is an action for declaratory relief and injunctive relief, pursuant to ADA, Title II and implementing regulations, 42 USC 12132 and 28 CFR 35.130. Accordingly, this Court is vested with original jurisdiction under 28 U.S.C. § 1331 and § 1343.   Section 504 also vests jurisdiction in this Court.

2.    Venue is proper in this Court, the United States District Court for the Southern District of Alabama, Southern Division, pursuant to Title 28, U.S.C. § 1391 and the Local Rules of the United States District Court for the Southern District of Alabama.

3.    Alice Bethea has been a resident of the apartments since Cypress Trace opened. Ms. Bethea requires a walker for all mobility, and has impairments that cause her fatigue, gait difficulties, dexterity impairment, among other physical problems that limit her ability to perform manual tasks, walk, stand, lift, bend, grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. § 12101(2)(A). Ms. Bethea requires the use of mobility aids to maneuver. Accordingly, Ms. Bethea is disabled, in that she has a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102; *see also*, 28 C.F.R. § 36.104.

4.    Pamela Gulley has been a resident of the apartments since Cypress Trace opened. Ms. Gulley has impairments that cause her fatigue and gait

difficulties, dexterity impairment, among other physical problems that limit her ability to perform manual tasks, walk, stand, lift, bend, grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. § 12101(2)(A). Ms. Gulley has been diagnosed with cognitive deficiencies as well as mental health issues that diminish, if not eliminate, her ability to work.  Accordingly, Ms. Gulley is disabled, in that she has a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102; *see also*, 28 C.F.R. § 36.104.

5.     Dorothy Crook has been a resident of the apartments since Cypress Trace opened. Ms. Crook  requires a walker or a cane for all mobility, and has impairments that cause her fatigue, gait difficulties, dexterity impairment , among other physical problems that limit her ability to perform manual tasks, walk, stand, lift, bend, grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. § 12101(2)(A).  Accordingly, Ms. Crook is disabled, in that she has a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102; *see also*, 28 C.F.R. § 36.104.

6.     Mary Connors has been a resident of the apartments since Cypress Trace opened. Ms. Connors is extensively visually impaired and legally blind.  She requires a rollator and/or a wheelchair for all mobility. She has impairments that cause her fatigue, gait difficulties, dexterity impairment, among other physical problems that limit her ability to perform manual tasks, walk, stand, lift, bend,

grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. §

12101(2)(A).  Accordingly, Ms. Crook is disabled pursuant to the ADA, in that she

has a physical impairment substantially limiting one or more major life activities.

42 U.S.C. § 12102; *see also*, 28 C.F.R. § 36.104.

7.     Cypress Trace Apartments is located at 904 Clark Avenue, Bay

Minette, Alabama.  The apartments are marketed as an elderly multifamily housing

development.  Public records establish the Alabama Housing Finance Authority's

assistance in the development and construction of the apartments. Each Plaintiff

confirms various federal monies paid on their behalf to Cypress Trace.

8.     Gateway Management Company is a full-service property management

corporation. It operates Cypress Trace Apartments in Bay Minette and is accordingly

subject to the jurisdiction of this Court.

9.      Each Plaintiff continues to live at Cypress Trace Apartments, and

accordingly, continues to be subjected to the illegal activities described herein,

because Cypress Trace has not altered its behaviors or facilities in ways appropriate

to remedy the issues each plaintiff raises.  Each Plaintiff will continue to encounter

the architectural barriers, and the discriminatory policies, practices, and procedures

described herein and as a result, be discriminated against by Defendants on the basis

of her disabilities. The Eleventh Circuit held in *Houston v. Marod Supermarkets*,

733 F.3d 1323(11th Cir. 2013), when architectural barriers have not been remedied

"there is a 100% likelihood that plaintiff . . . will suffer the alleged injury again when plaintiff returns to the store."

## COUNT ONE
### (Alice Bethea, ADA architectural barriers)

**10.** Plaintiff realleges the prior paragraphs of the Complaint.

**11.** Ms. Bethea requested and was illegally denied a transfer shower and fully accessible bathroom. There is defective blocking for the tub. There are no grab bars.

**12.** The bedroom does not provide a single accessible feature.

**13.** The slope of the floors in the kitchen is excessive. Areas of the kitchen floor contain greater than a one-quarter inch change in surface level. Under the kitchen sink, the slope of the floor is excessive and the wood is rotten throughout. The roof leaks in the kitchen, creating electrical hazards on the counters and cabinets.

**14.** Outside, the sidewalks do not fully adjoin the units. The route from the parking spaces to the parking lot is not the shortest accessible route. Sometimes, the access aisles do not adjoin an accessible route. The slope of some of the parking spaces is too steep.

**15.** To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

**16.** Plaintiff has been obligated to retain the undersigned counsel for the

5

filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

17.     This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the discriminating facility to make it readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and to further order Defendants to modify their policies, practices, and procedures, to provide equal use of its facilities, services and benefits to disabled individuals.

## COUNT TWO
### (Alice Bethea, Practices, procedures, and policies denying equal benefits)

18.     Plaintiff re-alleges paragraphs 1-17 above.

19.     The ADA, Title II, specifically makes it unlawful to provide individuals with disabilities, unequal benefits in an entity's practices, policies, and procedures than the benefits provided to individuals without disabilities.

20.     Defendants failed to provide sufficient maintenance and office support to accommodate the individual needs of Ms. Bethea related to her disabilities. The maintenance and office staff would not inspect and accommodate the previously described bedroom, bathroom, and kitchen issues much less the exterior accessibility issues described above.

21.     Both the office and administrative procedures and actual practices refuse to acknowledge much less address the massive accessibility issues with the

sidewalks failure to fully connect to adjoining buildings (literal spaces between the sidewalk as it adjoins the landing/porch of the residence and the sidewalk connecting to the remainder of the complex), parking spaces, access aisles, and slopes throughout the parking spaces and accessible aisles.

22.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

23.     This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the discriminating defendants' practices, policies, and procedures to provide equal treatment for the disabled in seeking and obtaining redress of maintenance and repair issues, even those requiring substantial construction costs and efforts.

**COUNT THREE**
**(Alice Bethea-retaliation)**

24.     Ms. Bethea realleges the previous paragraphs of the Complaint.

25.     Ms. Bethea persisted and even to this day persists in her demands for reasonable accommodations for her disabilities. She has told Defendants the law requires them to repair the issues with the bedrooms, bathrooms, kitchen, floor, and outside and they were supposed to go by the law.  In response to her persistence, defendants created a host of pretexts and filed an eviction action that it still prosecutes against her to this day.

26.     The ADA forbids and makes actionable defendants retaliatory conduct for Ms. Bethea stating, requesting, and persistently demanding her rights under the ADA.

27.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

28.     This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to cease its retaliatory eviction action and all other retaliation.

## COUNT FOUR
### (Alice Bethea, Section 504 Rehab Act)

29.     Ms. Bethea realleges the paragraphs of the Complaint.

30.     Ms. Bethea is a person with a disability, a history of a disability, and is perceived as disabled pursuant to 42 U.S.C. §12102, and 29 U.S.C. §706.  Defendant receives federal monies as contemplated in §504.

31.     Ms. Bethea is otherwise "qualified".  29 U.S.C. §794; 34 C.F.R. 104.3; 42 U.S.C. §12132; 34 C.F.R. 35.104.

32.     Defendants have intentionally, and with willful and malicious disregard of Plaintiffs' federally protected rights, discriminated against Plaintiff based on her disabilities, as described previously. Defendants have acted in bad faith and exercised gross misjudgment.

33.    Defendants retaliated against Ms. Bethea for Ms. Bethea stating, requesting, and persistently demanding her rights under the ADA and Section 504.

34.    Specifically, and without limitation, Defendants have refused to ensure that Ms. Bethea was able to participate in and access the benefits of its services and in the same manner as her non-disabled peers.

35.    Defendants failed to provide access and reasonably accommodate Ms. Bethea as to architectural barriers previously described and by failing to make reasonable modifications in the policies, practices, or procedures when the modifications were necessary to avoid discrimination. Defendants were required but failed to consider Ms. Bethea's unique needs for programs and services, as well as all alternatives. Neither accommodating Plaintiff nor modifying Defendant's applications of its policies, practices, or procedures would have caused an undue burden or constituted a fundamental change in the operations of the Defendants.

36.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

37.    This Court is vested with the authority to grant Plaintiff's injunctive relief, specifically including an Order to cease its retaliatory eviction action and all other retaliation, as well as the requested modifications to architectural barriers.

**COUNT FIVE**
**(Pamela Gulley, ADA architectural barriers)**

**38.** Plaintiff realleges the prior paragraphs of the Complaint. Ms. Gulley and Alice Bethea live in the same apartment.

**39.** Ms. Gulley requested and was illegally denied a transfer shower and fully accessible bathroom. There is defective blocking for the tub. There are no grab bars.

**40.** The bedroom does not provide a single accessible feature.

**41.** The slope of the floors in the kitchen is excessive. Areas of the kitchen floor contain greater than a one-quarter inch change in surface level. Under the kitchen sink, the slope of the floor is excessive and the wood is rotten throughout. The roof leaks in the kitchen, creating electrical hazards on the counters and cabinets.

**42.** Outside, the sidewalks do not fully adjoin the units. The route from the parking spaces to the parking lot is not the shortest accessible route. Sometimes, the access aisles do not adjoin an accessible route. The slope of some of the parking spaces is too steep. Additionally, Pamela Gulley needs for her driver to be able to park in an accessible space and location, and despite her numerous requests, the defendants have refused to accommodate that request.

**43.** To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

44.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

45.    This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the discriminating facility to make it readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and to further order Defendants to modify its policies, practices, and procedures, to provide equal use of its facilities, services and benefits to disabled individuals.

## COUNT SIX
### *(Pamela Gulley, Practices, procedures, and policies denying equal benefits)*

46.    Plaintiff re-alleges paragraphs 1-45 above.

47.    The ADA, Title II, specifically makes it unlawful to provide individuals with disabilities unequal benefits in an entity's practices, policies, and procedures than the benefits provided to individuals without benefits.

48.    Defendants failed to provide sufficient maintenance and office support to accommodate the individualized needs of Ms. Gulley related to her disabilities. The maintenance and office staff would not inspect and accommodate the previously described bedroom, bathroom, and kitchen issues.

49.    Both the office and administrative procedures and actual practices refuse to acknowledge much less address the massive accessibility issues with the

sidewalks failure to fully connect to adjoining buildings (literal spaces between the sidewalk as it adjoins the landing/porch of the residence and the sidewalk connecting to the remainder of the complex), parking spaces, access aisles, and slopes throughout the parking spaces and accessible aisles.

50.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

51.    This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the discriminating defendants' practices, policies, and procedures to provide equal treatment for the disabled in seeking and obtaining redress of maintenance and repair issues, even those requiring substantial construction costs and efforts.

## COUNT SEVEN
### (Pamela Gulley-retaliation)

52.    Ms. Gulley realleges the previous paragraphs of the Complaint.

53.    Ms. Gulley persisted and even to this day persists in her demands for reasonable accommodations for her disabilities. She has told Defendants the law requires them to repair the issues with the bedrooms, bathrooms, kitchen, floor, and outside and they were supposed to go by the law. In response to her persistence, defendants created a host of pretexts and filed an eviction action that they still prosecute against her to this day.

54.    The ADA forbids and makes actionable defendants retaliatory conduct for Ms. Gulley stating, requesting, and persistently demanding her rights under the ADA.

55.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

56.    This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to cease its retaliatory eviction action and all other retaliation.

## COUNT EIGHT
### (Pamela Gulley, Section 504 Rehab Act)

**Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.**

57.    Ms. Gulley realleges the paragraphs of the Complaint.

58.    Ms. Gulley is a person with a disability, a history of a disability, and is perceived as disabled pursuant to 42 U.S.C. §12102, and 29 U.S.C. §706.  Defendant receives federal monies as contemplated in §504.

59.    Ms. Gulley is otherwise "qualified".  29 U.S.C. §794; 34 C.F.R. 104.3; 42 U.S.C. §12132; 34 C.F.R. 35.104.

60.    Defendants have intentionally, and with willful and malicious disregard

of Plaintiffs' federally protected rights, discriminated against Plaintiff based on her disabilities, as described previously. Defendants have acted in bad faith and exercised gross misjudgment.

61.    Defendants retaliated against Ms. Gulley for Ms. Gulley stating, requesting, and persistently demanding her rights under the ADA and Section 504.

62.    Specifically, and without limitation, Defendants have refused to ensure that Ms. Gulley was able to participate in and access the benefits of its services and in the same manner as her non-disabled peers.

63.    Defendants failed to provide access and reasonably accommodate Ms. Gulley by failing to make reasonable modifications in the policies, practices, or procedures when the modifications were necessary to avoid discrimination. Defendants were required but failed to consider Ms. Gulley's unique needs for programs and services, as well as all alternatives. Neither accommodating Plaintiff nor modifying Defendant's applications of its policies, practices, or procedures would have caused undue burden or constituted a fundamental change in the operations of the Defendants.

64.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

65.    This Court is vested with the authority to grant Plaintiff's injunctive relief, specifically including an Order to cease its retaliatory eviction action and all other retaliation, as well as the requested modifications to architectural barriers.

## COUNT NINE
### (Dorthy Elizabeth Crook, ADA architectural barriers)

66.    Plaintiff realleges the prior paragraphs of the Complaint.

67.    Ms. Crook requested and was illegally denied repairs to portions of her floor throughout the home that had excessive slopes.

68.    The stove in the kitchen protrudes further than permissible, creating maneuvering space and clear floor space deficiencies.   The protruding stove issue also exists for the other plaintiffs in this case.

69.    Outside, the sidewalks do not fully adjoin the units. The route from the parking spaces to the parking lot is not the shortest accessible route.  Sometimes, the access aisles do not adjoin an accessible route.  The slope of some of the parking spaces is too steep.

70.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

71.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

72.    This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the discriminating facility to make it readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and to further order Defendants to modify its policies, practices, and procedures, to provide equal use of its facilities, services and benefits to disabled individuals.

## COUNT TEN
*(Dorothy Elizabeth Crook, Practices, procedures, and policies denying equal benefits)*

73.    Plaintiff re-alleges paragraphs 1-18 above.

74.    The ADA, Title II, specifically makes it unlawful to provide individuals with disabilities unequal benefits in an entity's practices, policies, and procedures than the benefits provided to individuals without benefits.

75.    Defendants failed to provide sufficient maintenance and office support to accommodate the individualized needs of Ms. Crook related to her disabilities. The maintenance and office staff would not inspect and accommodate the previously described floor and kitchen violations.

76.    Both the office and administrative procedures and actual practices refuse to acknowledge much less address the massive accessibility issues with the sidewalks failure to fully connect to adjoining buildings (literal spaces between the sidewalk as it adjoins the landing/porch of the residence and the sidewalk connecting

to the remainder of the complex), parking spaces, access aisles, and slopes throughout the parking spaces and accessible aisles.

77.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

78.    This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the discriminating defendants' practices, policies, and procedures to provide equal treatment for the disabled in seeking and obtaining redress of maintenance and repair issues, even those requiring substantial construction costs and efforts.

## COUNT ELEVEN
### (Dorothy Elizabeth Crook-retaliation)

79.    Ms. Crook realleges the previous paragraphs of the Complaint.

80.    Ms. Crook persisted and even to this day persists in her demands for reasonable accommodations for her disabilities. She has told Defendants the law requires them to repair the issues with the floors throughout, the kitchen., and exterior, and they were supposed to go by the law. In response to her persistence, defendants created a host of pretexts and filed an eviction action.

81.    The ADA forbids and makes actionable defendants retaliatory conduct for Ms. Crook stating, requesting, and persistently demanding her rights under the ADA.

**82.** Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

**83.** This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to cease its retaliatory eviction action and all other retaliation.

**COUNT TWELVE**
**(Dorothy Elizabeth Crook, Section 504 Rehab Act)**

**84.** Ms. Crook realleges the paragraphs of the Complaint.

**85.** Ms. Crook is a person with a disability, a history of a disability, and is perceived as disabled pursuant to 42 U.S.C. §12102, and 29 U.S.C. §706. Defendant receives federal monies as contemplated in §504.

**86.** Ms. Crook is otherwise "qualified". 29 U.S.C. §794; 34 C.F.R. 104.3; 42 U.S.C. §12132; 34 C.F.R. 35.104.

**87.** Defendants have intentionally, and with willful and malicious disregard of Plaintiffs' federally protected rights, discriminated against Plaintiff based on her disabilities, as described previously. Defendants have acted in bad faith and exercised gross misjudgment.

**88.** Defendants retaliated against Ms. Crook for Ms. Crook stating, requesting, and persistently demanding her rights under the ADA and Section 504.

**89.** Specifically, and without limitation, Defendants have refused to ensure

that Ms. Crook was able to participate in and access the benefits of its services and in the same manner as her non-disabled peers.

90.     Defendants failed to provide access and reasonably accommodate Ms. Bethea by failing to make reasonable modifications in the policies, practices, or procedures when the modifications were necessary to avoid discrimination. Defendants were required but failed to consider Ms. Bethea's unique needs for programs and services, as well as all alternatives. Neither accommodating Plaintiff nor modifying Defendant's applications of its policies, practices, or procedures would have caused undue burden or constituted a fundamental change in the operations of the Defendants.

91.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

92.     This Court is vested with the authority to grant Plaintiff's injunctive relief, specifically including an Order to cease its retaliatory eviction action and all other retaliation, as well as the requested modifications to architectural barriers.

## COUNT THIRTEEN
### (Mary Connors, ADA architectural barriers)

93.     Plaintiff realleges the prior paragraphs of the Complaint.

94.     Ms. Connors has floors with excessive slopes throughout, leading in some locations to standing water.

19

95.    The slope of the floors in the kitchen is excessive.  Areas of the kitchen floor contain greater than a one-quarter inch change in surface level. The stove in the kitchen protrudes further than permissible, creating maneuvering space and clear floor space deficiencies.

96.    The bathtub is not accessible and is missing a grab bar.

97.    Outside, the sidewalks do not fully adjoin the units. The route from the parking spaces to the parking lot is not the shortest accessible route.  Sometimes, the access aisles do not adjoin an accessible route.  The slope of some of the parking spaces is too steep.

98.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

99.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

100.   This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the discriminating facility to make it readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and to further order Defendants to modify its policies, practices, and

procedures, to provide equal use of its facilities, services and benefits to disabled individuals.

## COUNT FOURTEEN
### *(Mary Connors, Practices, procedures, and policies denying equal benefits)*

**101.** Plaintiff re-alleges paragraphs 1-18 above.

**102.** The ADA, Title II, specifically makes it unlawful to provide individuals with disabilities unequal benefits in an entity's practices, policies, and procedures than the benefits provided to individuals without benefits.

**103.** Defendants failed to provide sufficient maintenance and office support to accommodate the individualized needs of Ms. Connors related to her disabilities. The maintenance and office staff would not inspect and accommodate the previously described issues.

**104.** Both the office and administrative procedures and actual practices refuse to acknowledge much less address the massive accessibility issues with the sidewalks failure to fully connect to adjoining buildings (literal spaces between the sidewalk as it adjoins the landing/porch of the residence and the sidewalk connecting to the remainder of the complex), parking spaces, access aisles, and slopes throughout the parking spaces and accessible aisles.

**105.** Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

106.    This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the discriminating defendants' practices, policies, and procedures to provide equal treatment for the disabled in seeking and obtaining redress of maintenance and repair issues, even those requiring substantial construction costs and efforts.

## COUNT FIFTEEN
### (Mary Connors-retaliation)

107.    Ms. Connors realleges the previous paragraphs of the Complaint.

108.    Ms. Connors persisted and even to this day persists in her demands for reasonable accommodations for her disabilities. She has told Defendants the law requires them to repair the issues with the bathrooms, kitchen, floor, and outside and they were supposed to go by the law. In response to her persistence, defendants created a host of pretexts and filed an eviction action.

109.    The ADA forbids and makes actionable defendants retaliatory conduct for Ms. Connors stating, requesting, and persistently demanding her rights under the ADA.

110.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

**111.** This Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to cease its retaliatory eviction action and all other retaliation.

**COUNT SIXTEEN**
**(Mary Connors, Section 504 Rehab Act)**

**112.** Ms. Connors realleges the paragraphs of the Complaint.

**113.** Ms. Connors is a person with a disability, a history of a disability, and is perceived as disabled pursuant to 42 U.S.C. §12102, and 29 U.S.C. §706. Defendant receives federal monies as contemplated in §504.

**114.** Ms. Connors is otherwise "qualified". 29 U.S.C. §794; 34 C.F.R. 104.3; 42 U.S.C. §12132; 34 C.F.R. 35.104.

**115.** Defendants have intentionally, and with willful and malicious disregard of Plaintiffs' federally protected rights, discriminated against Plaintiff based on her disabilities, as described previously. Defendants have acted in bad faith and exercised gross misjudgment.

**116.** Defendants retaliated against Ms. Connors for Ms. Connors stating, requesting, and persistently demanding her rights under the ADA and Section 504.

**117.** Specifically, and without limitation, Defendants have refused to ensure that Ms. Connors was able to participate in and access the benefits of its services and in the same manner as her non-disabled peers.

**118.** Defendants failed to provide access and reasonably accommodate Ms.

Connors by failing to make reasonable modifications in the policies, practices, or procedures when the modifications were necessary to avoid discrimination. Defendants were required but failed to consider Ms. Bethea's unique needs for programs and services, as well as all alternatives. Neither accommodating Plaintiff nor modifying Defendant's applications of its policies, practices, or procedures would have caused undue burden or constituted a fundamental change in the operations of the Defendants.

119.   Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants.

120.   This Court is vested with the authority to grant Plaintiff's injunctive relief, specifically including an Order to cease its retaliatory eviction action and all other retaliation, as well as the requested modifications to architectural barriers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor and against Defendants, and grant:

A.   A declaratory judgment that the actions, conduct, and practices of Defendants complained of herein violate the laws of the United States;

B.   An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

**C.**    An order directing Defendants to place Plaintiffs in the position they would have occupied but for its discriminatory conduct in violation of the above referred to statutes, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful practices and other conduct are eliminated and do not continue to affect Plaintiffs;

**D.**    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all monetary and/or economic damages;

**E.**    An award of punitive damages for intentional discrimination, bad faith or gross misjudgment;

**F.**    An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law;

**G.**    Pre- and post-judgment interest at the lawful rate; and

**H.**    Such other and further as the Court may deem just and proper, and any other relief as allowed by law.

Respectfully submitted this the 28th day of April, 2025.

*/s/ L. Landis Sexton*
L. Landis Sexton (AL Bar # 5057-N71L)
Landis Sexton, LLC
Montgomery, Alabama 36106
Telephone: 334-303-9359
Email: Landis7777@gmail.com
*Counsel for Plaintiffs*

*/s/Daniel A. Hannan*
Daniel A. Hannan
ASB-4492-N77D
DANIEL A. HANNAN, LLC
19090 Stout Lane
Gulf Shores, Alabama 36542
Work: 251-289-1326
Cell: 251-654-1360
Fax: 251-252-1331
dahlawyer@hotmail.com
hannanlaw@gmail.com
*Counsel for Plaintiffs*


**JURY DEMAND**
**Plaintiffs hereby demand trial by struck jury**


_____
        **COUNSEL FOR PLAINTIFF**


**Plaintiffs requests this Honorable Court to serve upon the defendant via certified mail the following: Summons, Complaint.**

**Defendants' Addresses:**

Cypress Trace Apartments
904 Clark Avenue,
Bay Minette, Alabama 36507

Gateway Development Corporation
22 Inverness Center Parkway, Suite 222,
Birmingham, AL 35242

26